[Murphy v. State ex rel. Egger.]

# Murphy *v.* State *ex rel.* Egger.

## *Mandamus.*

1. *A writ of mandamus will not be granted if another remedy exists.*—A writ of mandamus will be granted only when the petitioner has a clear legal right, and has no other specific and adequate remedy to enforce it.

2. *If a writ of attachment issue on an unconstitutional law, it will be abated on a proper plea.*—If a statute authorizing the issue of an attachment be violative of the constitution, on a proper plea the attachment will be abated.

3. *If the goods be wrongfully withheld from the owner, an action at law will lie.*—If the possession of goods be wrongfully withheld from the owner, because of the refusal of the plaintiff in attachment to receive them from the bailee of the sheriff, in an appropriate action at law, the wrong may be redressed.

4. *Mandamus will not answer as a plea to a pending suit.*—Mandamus can not be made to answer the office of a plea to a pending suit, nor of an action at law to recover specific property, or for the abuse of process.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

In accordance with "an act to more effectually secure the collection of rents in the city of Montgomery," approved March 2nd, 1848, John B. Fuller, a justice of the peace of the county of Montgomery, at the instance of Jacob Abraham, issued a writ of attachment against John Egger. The writ was levied on silver and gold watches, clocks and show-cases. Thereupon the defendant filed his claim of exemption. The defendant notified the sheriff that his claim of exemption would be contested.

The defendant did not give any replevy bond subsequent to the attachment. But the property was placed in the hands of one Mitchell, as the bailee of the sheriff. After the lapse of five days, the said Abraham, in accordance with the statute, executed a bond, and immediately thereafter demanded the goods, and the said Mitchell proceeded to deliver the goods levied upon to the said Abraham; "and after he had taken them to his carriage or hack, standing in front of the premises of said John Egger, the said Abraham became dissatisfied with the goods so delivered to him—said that he would not receive them—that he rejected them and went away. Said Mitchell then took possession of said goods as the bailee of the sheriff. The said Egger then demanded of the sheriff the possession of the said goods, who refused to

[Murphy v. State ex rel. Egger.]

deliver them to him. Thereupon Egger filed a petition in the City Court of Montgomery, reciting the foregoing facts, alleging the unconstitutionalty of the law under which the attachment was issued, and praying for a writ of *mandamus*, commanding John N. Murphy, sheriff of Montgomery county, to deliver to him, the said Egger, the property levied upon by him under the said attachment.

The respondent, John N. Murphy, sheriff of the county of Montgomery, moved the court to quash the petition on the following grounds, viz.:

" 1. The court had no jurisdiction over the matter.

" 2. There is no warrant in law for the granting of such a writ in this case."

The court overruled the motion to quash, and ordered the issue of a preemptory writ of *mandamus*, in accordance with the prayer of the petition, and the respondent excepted to the ruling of the court.

SANFORD & MOSES, for appellant.

GEORGE F. MOORE, for appellee.

BRICKELL, C. J.—The right to a *mandamus* to compel the appellant to restore to the relator, the goods seized un-- der the attachment, seems to be rested on two distinct grounds. The first is, that the statute authorizing the issue of the attachment is unconstitutional. The second, that the plaintiff in attachment had abandoned and waived all claim to the goods by refusing to take them from the possession of the bailee of the sheriff, after having given bond in accord-ance with section nineteen of the act of February 9th, 1877, (Pamph. Acts, 1876–7, p. 39), for their redelivery to the relator, if the contest of his claim of exemption was not sustained.

It is the mere repetition of a truism, to say, that " the in-- variable test, by which the right of a party applying for a *mandamus* is determined, is to inquire, first, whether he has a clear legal right ; and if he has, then, secondly, whether there is any other adequate remedy to which he can resort to enforce his right."—*Withers v. State*, 36 Ala. 252. With-out considering whether the relator in either of the aspects in which he presents the case, has a clear legal right, it is apparent if he has, that the ordinary remedies afforded by law are adequate to its enforcement. If the statute author-izing the issue of the attachment, is violative of the consti--

[Whorton, ex'r v. Moragne et als.]

tution, on a proper plea the attachment will be abated. So, if possession of the goods are wrongfully withheld from him, because of the refusal of the plaintiff in attachment to take them from the custody of the bailee of the sheriff, in an appropriate action at law the wrong may be redressed.

*Mandamus* can not be made to answer the office of a plea to a pending suit, nor of an action at law for the recovery of specific property, or for the abuse of process.

The demurrer to the application was well taken, and the City Court erred in not sustaining it. For the error, the judgment must be reversed, and the proper judgment here rendered sustaining the demurrer, and quashing the application, at the costs of the relator in this court, and in the City Court.