# *Ex parte* Gilmer.

*Application for Mandamus to Circuit Court, on Amendment nunc pro tunc of Judgment.*

1. *Amendment of judgment nunc pro tunc.*—It has been settled in this court, since 1827, that a judgment can not be rendered or amended *nunc pro tunc,* except upon record evidence, or evidence *quasi* of record.

2. *When appeal lies.*—An appeal lies from a judgment amended or rendered *nunc pro tunc,* when it is final and definitive of the cause, leaving nothing to be done but to enforce its execution.

3. *When mandamus lies.*—A *mandamus* will not be awarded by this court, when the party asking it has an adequate remedy by appeal.

Application by petition, under oath, by Captain Gilmer, for a *mandamus,* or other appropriate writ, to the Circuit Court of Montgomery, Hon. J. Q. SMITH presiding, to compel that court to vacate and set aside a judgment rendered *nunc pro tunc,* as hereinafter set out, in a cause in which Margaret Robinson was plaintiff, and said Gilmer was defendant. The action in which said judgment was rendered, as shown by the transcript made an exhibit to the petition, was brought by Mrs. Robinson, was founded on a promissory note executed by the defendant, and was commenced in a justice's court. The justice rendered judgment for the plaintiff, and the defendant removed the case, by appeal, into the Circuit Court; where judgment was again rendered for the plaintiff, on the verdict of a jury, on the 18th June, 1879. A motion for a new trial having been duly made and entered by the defendant, the following judgment was rendered on the motion: "This motion being argued by counsel, and understood by the court, it is considered by the court that the same may be granted, and that a new trial in this cause be, and the same is hereby granted." At the next term of the court, a motion was made by the plaintiff, to set aside, or amend the entry, *nunc pro tunc* as of the former term, on the ground that it was entered by mistake, and that the motion was in fact withdrawn, instead of being granted; and counter affidavits were submitted by the defendant. On this

[Ex parte Gilmer.]

motion, and the accompanying affidavits, the court rendered
the following judgment: "This day came the parties, by
their attorneys; and to the motion made in this cause the
defendant interposes his demurrer, which being argued, and
understood by the court, the same is overruled. It appear-
ing to the court that, on the 3d day of July, 1879, the follow-
ing order was made," setting out the entry above copied,
granting the motion for a new trial; "now comes the plain-
tiff, and moves the court to amend said order, so as to make
it appear that said motion for a new trial was refused, in-
stead of granted. And it appearing from the affidavit on
file that the order granting a new trial was a clerical mis-
prision on the part of the court, it is therefore considered,
that an order be now entered refusing said motion, as of date
July 3, 1879, viz.", setting out such order in proper form.
This is the judgment which the petitioner seeks to have
vacated and set aside.

Jos. S. WINTER,. for the petitioner.

JOHN G. FINLEY, contra.

STONE, J.—As far back as 1827 it was decided in this
court that, in entering judgments *nunc pro tunc*, only record
evidence, or evidence *quasi* of record, could be looked to.
Oral proof can not be considered; for, to allow it, would be
to contradict the record by parol testimony.—*Draughan v.
Tombeckbee Bank*, 1 Stew. 66; *Thompson v. Miller*, 2 Stew.
470; *Reid v. Brashear*, 7 Por. 448; *Armstrong v. Robinson*,
2 Ala. 164; *Benford v. Daniels*, 13 Ala. 667; *Lewis v. Lewis*,
25 Ala. 315; *Farmer v. Wilson*, 34 Ala. 76; *Harris v. Martin*,
39 Ala, 556; *Summersett v. Summersett*, 40 Ala. 596. It is
equally well settled, in the above, and many other cases, that
from a judgment rendered *nunc pro tunc*, which is final, or
definitive of the cause in the court below, leaving nothing
further to be done, save to enforce the judgment, an appeal
lies to this court. The judgment rendered *nunc pro tunc*, in
this case, was a final disposition of the cause, leaving nothing
to be done afterwards, except to enforce the judgment by
execution. From that judgment, an appeal would have lain
to this court.—*Ex parte Hendree*, 49 Ala. 360.

The writ of *mandamus* will be granted, only where there
is a specific legal right, and no other legal remedy adequate
to its enforcement.—2 Brick. Dig. 240, § 4; *Murphy v. State,
ex rel.* 59 Ala. 639; *Withers v. State*, 36 Ala. 252; *Heflin v.
Rock Mills Man. Co.*, 58 Ala. 613. The relator in this case
has an adequate remedy for the error he complains of, by
appeal, and the writ of *mandamus* must be refused.