624 A.2d 693

**LEHIGH TOWNSHIP, Wayne County, Petitioner,**

v.

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

**LEHIGH TOWNSHIP, Wayne County, Petitioner,**

v.

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 3, 1993.

Decided April 8, 1993.

Timothy B. Fisher, for petitioner.

Barbara L. Smith, for respondent.

Before DOYLE, PALLADINO, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

PELLEGRINI, Judge.

Lehigh Township (Township) appeals from the order of the Environmental Hearing Board (EHB) granting the Department of Environmental Resources' (DER) Motion to Dismiss the Township's appeal of DER's determination that the Town-

ship was not entitled to reimbursement of expenses under the Pennsylvania Sewage Facilities Act [1] for the years 1987 and 1988 because it was untimely filed.

On April 24, 1990, the Township received a letter from DER that its sewage enforcement efforts for the years 1987 and 1988 did not adequately enforce the Act or its implementing regulations. Because the Township was not in compliance, DER demanded a refund of the reimbursement for 1987 expenses and denied reimbursement for 1988 expenses.[2] The letter demanded payment within thirty days and advised the Township of the individual to contact if it had any questions regarding the matter. The Township responded by letter on May 25, 1990, disputing certain information contained in the audit report and offering to provide additional information to show compliance with the regulations in question. A series of letters passed between DER and the Township from May 1990 to November 1990 regarding the additional information and the findings of non-compliance.

On January 14, 1991, a letter from DER, while informing the Township that it now considered the Township in compliance and approved the reimbursement for 1989 expenses, continued to deny the reimbursement for 1987 and 1988. As in its original letter of April 24, 1990, DER demanded repayment within thirty days and again directed the Township to contact the appropriate individual if it had any questions concerning the letter. The Township responded on January 22, 1991, again objecting to the 1987 and 1988 denials requesting further consideration of the information supplied. On February 8, 1991, DER advised the Township that its decision regarding the denial of reimbursement for 1987 and 1988 had been communicated to the Township in the April 24, 1990 letter and again demanded payment within thirty days, closing with the instruction to direct questions to the individual noted.

1. The Act of January 24, 1966, P.L. (1965) 1535, *as amended,* 35 P.S. § 750.1 et seq. (Act), authorizes the reimbursement to municipalities of one-half of the expenses incurred in enforcing it, as long as the municipality is in compliance with the Act and its regulations.

2. The Township had been reimbursed $12,518.57 for ·1987 expenses.

On March 6, 1991, the Township filed a Notice of Appeal with the EHB. DER filed a Motion to Dismiss for lack of jurisdiction on the grounds the appeal was untimely because the Township was required to appeal within thirty days of the April 24, 1990 and January 14, 1991 letters. Initially, the EHB granted the motion with regard to the January 14, 1991 letter, finding it was a final appealable order and the March 6 appeal was untimely. But, because DER only raised timeliness issues in its motion, the EHB reserved addressing whether the February 8, 1991 letter was appealable.

Subsequently, DER filed a Motion to Dismiss the Township's appeal of the February 8, 1991 letter. It contended that the Township's January 22, 1991 letter was a petition for reconsideration of the April 24, 1990 and January 14, 1991 letters which its February 8, 1991 letter denied. Thus, the February 8, 1991 denial was unappealable because the Township had not timely appealed the orders from which it sought reconsideration. The EHB agreed, finding the April 24, 1990 letter, as well as the January 14, 1991 letter, to be a final appealable order, and granted the motion to dismiss, finding the February 8, 1991 letter unappealable for the above reasons. The Township appealed both decisions of the EHB which were then consolidated.[3]

The Township contends that the April 24, 1990 and January 14, 1991 letters were informational and interlocutory in nature and not final appealable decisions. According to the Township, to qualify as a notice of a final appealable decision, an agency communication must refer to a specific statute or regulation requiring compliance, advise the recipient of its appeal rights or contain unmistakable language that a final decision has been made. It contends that DER's actions and on-going communications regarding the non-compliance issues indicated DER did not consider the April 24 letter a final decision. The Township also contends that the January 14,

---

3. Our scope of review is limited to whether constitutional rights were violated, an error of law was committed, or necessary findings of fact were not supported by substantial evidence. *Marcon, Inc. v. Department of Environmental Resources,* 76 Pa.Commonwealth Ct. 56, 462 A.2d 969 (1983).

1991 letter did not communicate a final decision on the part of DER regarding the 1987 and 1988 funds, but rather only informed the Township that reimbursement for 1989 was approved and offered a means to partially settle the amount due for 1987.    Because of these deficiencies, the Township contends neither letter was a final appealable order.

A final order is one that disposes of the case and as a consequence puts the litigant out of court.[4]  *In re Bangor Memorial Park,* 130 Pa.Commonwealth Ct. 143, 146, 567 A.2d 750, 752 (1989).  Whether an order is final is determined by a practical rather than technical construction of the order.  *Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978).  An indication that an order is not final is conditional language and a failure to advise that appeal rights must be exercised.  *Department of Transportation v. Andrews,* 143 Pa.Commonwealth Ct. 601, 600 A.2d 622 (1991).

The April 24, 1990 letter did not inform the Township that it was required to appeal the determination in the letter in order to preserve its rights, and the language of the letter's closing was equivocal.  Examination of the subsequent correspondence between the Township and DER clearly indicates DER did not consider the April 24, 1990 letter to be final. The Township requested and was provided the opportunity to present additional information regarding the specific areas of alleged non-compliance.  DER considered this information and subsequently found it was insufficient to establish compliance for 1987 and 1988.  While the April 24, 1990 letter did request repayment of the funds within thirty days, it did not advise the Township that an appeal was required within that time-frame.  On the contrary, the letter closes by advising the Township to direct questions to a department staff member,

**4.**  Pennsylvania Rule of Appellate Procedure 341(b) defines a final order as one that:

　　(1) disposes of all claims or of all parties;

　　　　　　*　　　*　　　*

This amendment to the rule became effective on July 6, 1992, after the April 24, 1990, January 14, 1991 and February 8, 1991 letters sent by DER and is not applicable here.  The amendment appears to be a codification of case law.

indicating that the agency's determination could be questioned.[5]  *See Andrews.*

■ The January 14, 1991 and February 8, 1991 letters lack the same notification that an appeal is required to preserve rights or avoid obligations and contain the same equivocal language as the correspondence preceding them.  The Township correctly notes that requiring parties to treat all correspondence from DER as final decisions would result in unnecessary litigation of negotiable disputes that could be settled without needlessly consuming taxpayer resources.  If DER considers an internal decision final and non-negotiable, it is incumbent upon it to clearly and definitively so inform the affected parties.

Because the letters sent by DER to the Township did not constitute final orders, they were not appealable and the EHB lacked jurisdiction over the matter.  Accordingly, the orders of the Environmental Hearing Board are vacated.

## ORDER

AND NOW, this 8th day of April, 1993, the orders of the Environmental Hearing Board at Docket No. 91–090–W, dated September 6, 1991, and May 22, 1992, are vacated.

5. The pertinent language of the April 24, 1990 letter stated:
> [A]n audit by the Commonwealth was completed of Lehigh Township's records of activities and expenses associated with administration and enforcement of the Pennsylvania Sewage Facilities Act, Act 537, for the calendar years 1987 and 1988.
> *       *       *
> The audit report recommends the Department request refund of the Act 537 sewage enforcement reimbursement funds paid to Lehigh Township for 1987 and no payment be made to the Township for the 1988 year request for reimbursement of expenses.
> We concur with the auditor's recommendations and request that you return the 1987 payment in the amount of $12,518.57 to the Commonwealth.  Please make the check payable to the Commonwealth of Pennsylvania and mail it to my office ... within 30 days of receipt of this letter.  There will be no reimbursement for the 1988 application as recommended in the audit report.
> If you have any questions concerning this matter, please call _____ at _____.