THIGPEN, Judge.
This is a workmen’s compensation case.
Eugene McCurry, III, a twenty-four-year-old male with a ninth-grade education, was employed by Gold Kist, Inc., as a laborer. McCurry filed a complaint against Gold Kist in October 1990, alleging that he had contracted an occupational disease as a result of handling condemned chicken parts in his employment with Gold Kist. Gold Kist denied that McCurry’s condition was work-related. The trial court found that although McCurry “is totally disabled and has totally and completely lost the ability to earn a living,” he did not prove that his employment with Gold Kist was the cause of his condition. Therefore, the trial court entered its ruling in favor of Gold Kist.
On January 31,1992, McCurry filed a post-judgment motion, together with the supporting affidavit of one of MeCurry’s primary treating physicians. The trial court continued the motion for a period of 90 days from filing to allow McCurry an opportunity to:
“obtain and submit any further medical, scientific or statistical evidence that such employment may cause the condition of streptococcal gangrene. The submission of evidence that a single other person in the poultry industry has been stricken by such condition would allow the court to reconsider the judgment herein.”
*734 The parties thereafter stipulated to an extension for an additional seven days. The stipulation was incorporated into an order of the trial court, and the order expressly provided that it was “not intended to extend the effect of Rule 59.1 of the Alabama Rules of Civil Procedure beyond May 6, 1992.”
On May 6,1992, the trial court conditionally granted McCurry’s motion “to the extent that the court will consider the additional evidence offered and the matter is hereby taken under advisement.” McCurry’s motion was subsequently overruled on December 10, 1992, and MeCurry filed a notice of appeal on January 6, 1993.
MeCurry contends that in March 1990, he became ill while at work and subsequently sought treatment at three separate hospitals. Ultimately, MeCurry was diagnosed as suffering from streptococcal gangrene, and several operations were required to remove the gangrenous tissue from his body.
Our review of workmen’s compensation eases consists of a two-step process. The first step is to determine if there is any legal evidence to support the trial court’s findings, and if such evidence exists, then to determine, “whether any reasonable view of that evidence supports the trial court’s judgment.” Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991). For ore tenus proceedings, the above standard applies only to the findings of fact, not the trial court’s conclusions of law. Ex parte Cash, 624 So.2d 576 (Ala.1993). Further, this court does not reweigh the evidence, but looks to see if there is any legal evidence to support the findings of the trial court, and those findings are conclusive where the testimony is conflicting. McKenzie v. American Bread Co. of Alabama, Inc., 579 So.2d 667 (Ala.Civ.App. 1991). Workmen’s compensation cases are liberally construed with all reasonable doubts resolved in favor of the employee. See National Restaurant Corporation v. Blevins, 611 So.2d 1096 (Ala.Civ.App.1992). The burden, however, is on the employee to establish that his condition arose out of and in the course of his employment. Ex parte Patterson, 561 So.2d 236 (Ala.1990).
In the instant case, we find that a reasonable view of the evidence supports the trial court’s findings. Although we may not have reached the same result, this court may not substitute its judgment for that of the trial court. Morrow v. Travelers Insurance Co., 550 So.2d 1015 (Ala.Civ.App.1989). We glean from the record that the trial court expended great effort in making its determinations in this matter. Although the trial court stated in its final order that it “is unfortunate” and that it “truly regrets” finding that MeCurry had not carried his burden of proof, the trial court apparently perceived no other reasonable disposition. We therefore find no error in the trial court’s findings.
Next we consider whether the trial court applied the proper legal conclusions to its factual determinations.
To sustain an action for benefits, an employee must show that his disability arose out of and in the course of his employment. Ala.Code 1975, § 25-5-51. Additionally, he must satisfy the tests of legal and medical causation. County of Mobile v. Benson, 521 So.2d 992 (Ala.Civ.App.1988). “To establish legal causation, the employee must show that he was exposed to a risk or hazard to which he would not have been exposed had he not been performing his job.... To establish medical causation, the employee must show that the hazard or risk to which he was exposed was, in fact, a contributing cause of his injury.” Patterson v. Clarke County Motors, Inc., 551 So.2d 412, 415 (Ala.Civ.App. 1989). (Citations omitted.)
Prudent and exhaustive review of this voluminous record reveals that the opinions of the testifying medical experts varied regarding the origin of McCurry’s disability. A trial court is not bound by the testimony of expert witnesses, even if that testimony is uncontroverted.. Patrick v. Femco Southeast, Inc., 565 So.2d 644 (Ala.Civ.App.1990). When such testimony is conflicting, the trial court’s findings are conclusive where there is any evidence to support those conclusions. Fisher v. Bruno’s Food Stores, Inc., 588 So.2d 488 (Ala.Civ.App.1991).
In the instant ease, the trial court found that MeCurry failed to prove that his job caused his disability. McCurry’s expert, Dr. *735 William Howell, a general internal medicine specialist, testified that, although the streptococcal bacteria has many possible origins, that he was not aware of any instance wherein a person contracted the streptococcal bacteria from handling chicken. He testified that he believed McCurry likely contracted his infection from handling moist chicken parts, and that the portal of entry was the fine skin cracks in McCurry’s hands. Dr. Howell, however, agreed that he could not determine with absolute certainty the source of the bacteria and where or how the bacteria entered McCurry’s body.
Dr. Lennie Gibson, a family practice physician with a Ph.D. in microbiology, testified that he could not definitely determine where McCurry contracted the bacteria. He also testified that it was possible to acquire the bacteria anywhere; however, he believed the nature of MeCurry’s work to be consistent with the existence of the bacteria. Dr. Gibson testified that Dr. Howell’s hypothesis is reinforced by two medical articles from Great Britain which Dr. Gibson read in part into the record as follows:
“Our results confirm that many of the outbreaks of skin sepsis in meat-handling establishments are associated with the wide dissemination of certain strains of group-A streptococci among the workers. Handlers of meat are obviously at risk for sepsis because of the frequency with which they suffer trauma to the hands, and their working conditions provide numerous opportunities for the spread of potential pathogens by indirect contact.”
Dr. Leroy Harris, a medical physician with a sub-specialty in infectious diseases, testified that he believed that McCurry had carried the strep bacteria in his throat prior to the bacteria entering his bloodstream and being carried into his extremities. Dr. Harris testified that he was not aware of any instances wherein an individual contracted strep from dead chickens or animals, and he testified that he saw nothing to suggest that McCurry may have contracted the bacteria through handling chickens in his work.
McCurry’s burden was to show that the exposure to conditions, i.e., the handling of chicken parts, was, in fact, a contributing cause of his injury. Ex parte Price, 555 So.2d 1060 (Ala.1989). McCurry was required to present more than an indicia of the possibility that his employment caused his disability. The law does not permit a workmen’s compensation claimant to merely “guess” an employer into liability. Hammons v. Roses Stores, Inc., 547 So.2d 883 (Ala.Civ.App.1989). A comprehensive review of all evidence, including the overall substance and effect of all lay and expert evidence, is where the test finds its application. Price, supra. There evidence to support the trial court’s findings. Therefore, in light of the limited standard of review mandated by our Supreme Court, we cannot find that the trial court erred in finding that McCurry failed to meet his burden of proof.
In addition to the merits of this case, we are compelled by Gold Kist’s assertions to address the timeliness of McCurry’s appeal. Gold Kist asserts that by operation of law, pursuant to Rule 59.1, A.R.Civ.P., McCurry’s post-judgment motion was denied on May 6, 1992, and that he failed to timely appeal from that date. The novel procedural circumstances presented by this case warrant mention.
Rule 59.1, A.R.Civ.P., requires the trial court to “dispose of’ specific post-judgment motions within 90 days of its filing, or such motions will be deemed automatically denied by operation of law. That 90-day time period may, however, be extended by the express consent of the parties. The final disposition date was properly extended in the instant case until May 6, 1992.
The trial court “conditionally” granted McCurry’s post-judgment motion on May 6, 1992, to consider additional evidence and to take the matter under advisement. At that point, although Gold Kist possessed a favorable final order, McCurry possessed a grant of his post-judgment motion. The decision of the trial court here to grant the post-judgment motion, albeit conditionally, effectively delayed a final, appealable determination of this case until the December final order was issued. McCurry promptly and timely appealed from the December order.
*736 Although we sympathize with McCurry’s predicament, we are compelled by the standard of review mandated by statutory law and our Supreme Court. The trial court’s findings are supported by record evidence and a reasonable view of that evidence supports the trial court’s judgment. Therefore, the judgment must be affirmed.
AFFIRMED.
ROBERTSON, P.J., concurs.
YATES, J., concurs in the result only.