644 A.2d 217

**MILFORD TOWNSHIP BOARD OF SUPERVISORS, Petitioner,**

v.

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 9, 1994.

Decided June 13, 1994.

Terry W. Clemons, for petitioner.

Mark L. Freed, Asst. Counsel, for respondent.

Before DOYLE and NEWMAN, JJ., and NARICK, Senior Judge.

NEWMAN, Judge.

Milford Township Board of Supervisors (Supervisors) petitions for review of an order of the Environmental Hearing Board (EHB) which sustained the Department of Environmental Resources' (DER) motion to dismiss the Supervisors' appeal as untimely filed. For the reasons that follow, we affirm.

In August 1985, the Supervisors adopted the Wastewater Facilities Component, Quakertown Area Comprehensive Plan (Plan) as Milford Township's (Township) sewage facilities plan. On August 19, 1986, DER approved the Plan as the official sewage facilities plan for the Township.

On or about July 9, 1990, James F. Wunder (Wunder), the owner of approximately two acres of real property in the Township, submitted a proposed revision to the Plan. Specifically, Wunder wanted to sell off a portion of his property and erect a house. In order to fulfill the sewage needs of the residence, Wunder required a Plan revision to allow the use of a direct stream system. The Supervisors rejected Wunder's proposal.

By letter dated January 21, 1991, Wunder made a private request to DER seeking an order requiring the Supervisors to revise the Plan in accordance with his proposal. Thereafter, the Supervisors asserted their objection to the proposed revision, stating that the proposal was not consistent with the Township Zoning Ordinance and other plans of the Township. In September 1991, DER denied Wunder's private request based solely on the fact that Wunder had not received subdivision approval from the Township.

Wunder appealed DER's denial of his request to the EHB. On January 23, 1993, the EHB issued an opinion and order concluding that Wunder's request did not involve a subdivision of land. Accordingly, the EHB remanded the matter to DER for a review of Wunder's request on the merits. Following remand, DER issued an order dated April 15, 1993, which required the Supervisors to submit a revision to the Plan that would provide adequate sewage facilities for Wunder's propos-

al. This order was sent via certified mail on or about April 22, 1993, and addressed to the Supervisors of Milford Township at P.O. Box 86, Spinnerstown, PA 18968.

Jeannette Wagner (Wagner), the Earned Income Officer for the Township, received DER's order and signed the certified mail receipt on April 26, 1993. However, the order was allegedly not personally received by any of the Supervisors until May 4, 1993. At their May 18, 1993 meeting, the Supervisors directed the Township Solicitor to appeal DER's order.

On May 25, 1993, the Solicitor mailed the notice of appeal to the EHB via regular U.S. Mail. In the notice of appeal, the Supervisors specifically listed April 26, 1993 as the date notice of DER's action was received. The Supervisors' notice of appeal was received by the EHB on May 27, 1993, thirty-one days after DER's order was signed for and received by Wagner.

On August 4, 1993, DER filed a motion to dismiss the Supervisors' appeal, asserting that it was untimely filed. By opinion and order dated September 23, 1993, the EHB granted DER's motion and dismissed the Supervisors' appeal. The Supervisors petition this court for review of the EHB's order.

■ On appeal, the sole issue presented is whether the EHB erred in concluding that the Supervisors' appeal was untimely filed. Our scope of review of a decision of the EHB is limited to a determination of whether an error of law was committed, constitutional rights have been violated or any findings of fact are unsupported by substantial evidence. *Mathies Coal Company v. Department of Environmental Resources*, 522 Pa. 7, 559 A.2d 506 (1989).

■ According to the EHB's regulations, a notice of appeal must be received by the EHB at its office within thirty days from the time that an appellant receives written notice of DER's action; otherwise, the EHB is deprived of jurisdiction to hear the appeal. 25 Pa.Code § 21.52; *Falcon Oil v. Department of Environmental Resources*, 148 Pa.Commonwealth Ct. 90, 609 A.2d 876 (1992). Moreover, it is clear that

the date of receipt by the EHB and not the date of deposit in the mail is dispositive when addressing the timeliness of an appeal to the EHB. 25 Pa.Code § 21.11.

While acknowledging that the failure to timely appeal an administrative agency's action is a jurisdictional defect, the Supervisors contend that their appeal was timely filed because it was filed within thirty days of the date they personally received notice of DER's action, namely, May 4, 1993. Specifically, the Supervisors assert that the date the certified mail receipt was signed by Wagner, April 26, 1993, cannot be considered the date that notice was received because Wagner did not have authority to receive service. The Supervisors further assert that DER should have sent notice of the order via certified mail, restricted delivery, and that any less stringent standard is a violation of their right to due process. We disagree.

▄▄▄▄ Constitutionally adequate notice of administrative action is notice which is reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Clark v. Department of Public Welfare*, 58 Pa.Commonwealth Ct. 142, 427 A.2d 712 (1981). This requirement is satisfied when notice of the action is mailed to the interested party's last known address. *Kobylski v. Milk Marketing Board*, 101 Pa.Commonwealth Ct. 155, 516 A.2d 75 (1986). In addition, this court has previously held that personal receipt of the notice is not required when the notice was mailed to the party's last known address. *Id.*

In the present action, it is undisputed that notice of DER's action was mailed to the correct address, Supervisors, Milford Township, P.O. Box 86, Spinnerstown, PA 18968. Thus, DER satisfied the constitutional requirement of adequate notice regardless of whether Wagner, as the Township's Earned Income Officer, had been given authority to receive such notice on the Supervisors' behalf. The responsibility for the fact that the order was not forwarded to the Supervisors

individually until eight days later cannot be placed on DER. Any prejudice which may have been created was a direct result of the Township's actions, not those of DER.

Because we conclude that the Supervisors received notice of DER's action on April 26, 1993, as admitted in the Supervisors' notice of appeal,[1] the appeal was required to be *received* by the EHB at its offices thirty days later on May 26, 1993.[2] Although we may sympathize with the Supervisors' situation, the fact remains that the appeal was filed on May 27, 1993, thirty-one days after the Supervisors received notice of DER's action, and therefore the EHB was without jurisdiction to hear the appeal.

Accordingly, the order of the EHB granting DER's motion and dismissing the Supervisors' appeal as untimely filed is affirmed.

## ORDER

AND NOW, June 13, 1994, the order of the Environmental Hearing Board in the above-captioned matter is affirmed.

---

1. In response to question 2(d) of the Notice of Appeal form asking, "[o]n what day and how you received notice of the Department of Environmental Resources' action," the Supervisors responded "[r]eceived opinion and cover letter by certified mail, April 26, 1993." Reproduced Record at 10a.

2. We note that at oral argument counsel for the Supervisors admitted that he was not aware until after he had filed the notice of appeal that the date of receipt by the EHB, rather than the date of mailing, was controlling with respect to the timeliness of an appeal.