**SOIL REMEDIATION SYSTEMS, INC., Petitioner,**

v.

**DEPARTMENT OF ENVIRONMENTAL PROTECTION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 6, 1997.

Decided Dec. 22, 1997.

---

Linda S. Somerville, Pittsburgh, for petitioner.

Douglas G. White, Conshohocken, for respondent.

Before COLINS, President Judge, McGINLEY, (P.), J., and RODGERS, Senior Judge.

COLINS, President Judge.

Before this Court is the appeal of Soil Remediation Systems, Inc. (SRS) to the decision of the Environmental Hearing Board (EHB), that dismissed as untimely SRS's appeal of a decision of the Department of Environmental Protection (DEP), that denied SRS's request for an extension of a plan approval. We vacate and remand.

By letter dated October 25, 1996, SRS requested that DEP extend a plan approval set to expire on November 30, 1996. On December 6, 1996, DEP sent by facsimile a copy of a letter purportedly denying the extension request. The cover sheet of this facsimile was marked "advanced copy." Also on December 6, 1996, DEP sent the original copy of the letter to SRS via certified mail. SRS acknowledges receipt of the facsimile on Friday, December 6, 1996, and receipt of the original copy sent via certified mail on Monday, December 9, 1996.

On January 6, 1997, SRS mailed a notice of appeal of DEP's decision to EHB. The notice of appeal was received and filed the next day,

January 7, 1997.[1] Thereafter, EHB dismissed SRS's appeal as being untimely, finding that pursuant to Section 10.2 of the Air Pollution Control Act (Act),[2] SRS had thirty days from actual or constructive notice to file an appeal, and that the facsimile received on December 6, 1996 was sufficient to constitute actual notice.

 When reviewing decisions of the EHB, our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are not supported by substantial evidence. *Al Hamilton Contracting Co. v. Department of Environmental Protection,* 680 A.2d 1209 (Pa.Cmwlth. 1996). The sole issue on appeal is a question of law: to wit, whether DEP's facsimile marked "advanced notice" received on December 6, 1996, or the certified letter received December 9, 1996,[3] triggered the thirty-day appeal period. For the reasons discussed below, we find that the receipt of the certified letter commenced the thirty-day appeal period and that EHB erred by dismissing SRS's appeal as untimely.

SRS contends that the appeal · period should have started on December 9, 1996, the day it received the certified letter notifying it of DEP's decision not to grant the requested extension of its plan approval. In support of this contention, SRS makes two arguments. First, SRS argues that pursuant to Section 6.1(e) of the Act, 35 P.S. § 4006.1(e),[4] DEP is required to serve notice of its determination via certified mail, and the appeal period should begin upon receipt of the certified letter. Second, SRS argues that assuming DEP was not required to send notice via certified mail, receipt of the letter still triggered the appeal period in this case since the facsimile marked "advance copy" was insufficient notice to apprise SRS of DEP's action.[5]

1. January 7, 1997 was the thirty-second day after December 6, 1996 (the day the facsimile was received), and the twenty-ninth day after December 9, 1996 (the day the certified letter was received).

2. Act of January 8, 1960, P.L. (1959) 2119, *as amended,* 35 P.S. § 4010.2. Section 10.2 is entitled "Appealable actions" and reads:

 Any person aggrieved by an order or other administrative action of the department issued pursuant to this act or any person who participated in the public comment process for a plan approval or permit shall have the right, within thirty (30) days from actual or constructive notice of the action, to appeal the action to the hearing board in accordance with the act of July 13, 1988 (P.L. 530, No. 94), known as the Environmental Hearing Board Act, and 2 Pa. C.S. Ch. 5 Subch. A (relating to practice and procedure of Commonwealth Agencies).

3. DEP complains that there are no facts on the record to establish that SRS received the certified letter on December 9, as claimed by SRS, as opposed to December 6 or December 7. Furthermore, DEP argues that SRS has not produced any evidence, such as a certified mail receipt, to prove when it received the letter.

 The use of common sense, which is well within the purview of this court, leads to the conclusion that it is highly improbable that SRS received the letter on the same afternoon that it was mailed. Although somewhat less unlikely, SRS probably did not receive the letter on December 7, since that was only one day after the letter was mailed, and a Saturday as well.

 In any event, the only evidence on the record is SRS's undisputed assertion that it received the letter on December 9, 1996. It is DEP's burden to refute this assertion by producing evidence to the contrary, for example the return receipt it would have received.

 There being no evidence presented to refute SRS's assertion that it received the letter on December 9, 1997, the fact is established.

4. Section 6.1 of the Act is entitled "Plan approvals and permits." Subsection e reads in pertinent part:

 Whenever the department shall refuse to ... *modify* ... a plan approval or permit already issued, such action shall be in the form of a written notice to the person affected ... *Such notice shall be served upon the person affected thereby,* either personally or *by certified mail,* and the action set forth in the notice shall be final and not subject to review unless, within thirty (30) days of the service of such notice, any person affected thereby shall appeal to the hearing board. · ·

 35 P.S. § 4006.1(e)

5. DEP makes a cursory argument in its brief that SRS should be precluded from arguing that the fax cover sheet was misleading because it did not attach the cover sheet to its notice of appeal, thus waiving this issue. This argument is without merit because when SRS filed its appeal it would have had no reason to believe that the fax cover sheet was at issue if the facsimile was an advance notice, as they contend. In its notice of appeal at averment nine, SRS sets out its receipt of the denial letter on December 9, 1996, evidencing its belief that this was the operative notice.

 DEP raised the issue of the facsimile in its motion to dismiss SRS's appeal by claiming that

A discussion of the merits of SRS's first argument is unnecessary, as the disposition of this case hinges on the inadequacy of DEP's December 6, 1996 facsimile. Section 10.2 of the Act grants a party aggrieved by a DEP determination issued pursuant to the Act thirty days from actual or constructive notice of the decision to appeal. 35 P.S. § 4010.2. Inherent in this appeal process is the fact that a determination must be final before it can be appealed, and the finality of the decision must be communicated to the affected parties. *See Pugar v. Greco,* 483 Pa. 68, 72–73, 394 A.2d 542, 545 (1978) (remarking that "[i]t is, of course, well settled that an appeal will lie only from a final order unless otherwise permitted by statute") (citations omitted); *Milford Township Board of Supervisors v. Department of Environmental Resources,* 165 Pa.Cmwlth. 14, 644 A.2d 217, 219 (1994) (asserting that "[c]onstitutionally adequate notice of administrative action is notice which is reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections") (citations omitted). What constitutes a final administrative decision is determined by a practical rather than technical construction of the decision. *Lehigh Township v. Department of Environmental Resources,* 154 Pa.Cmwlth. 647, 624 A.2d 693, 696 (1993) (citing *Pugar*). Additionally, the inclusion of conditional language is a good indication that an administrative determination is not final. *Id.* (citing *Department of Transportation v. Andrews,* 143 Pa.Cmwlth. 601, 600 A.2d 622 (1991)).

In the present case, SRS was not apprised of the finality of DEP's determination until it received the certified letter on December 9, 1996. This Court's practical construction of the "advanced copy" notation on the facsimile leads to the conclusion that it was reasonable for SRS to have believed that this was not the operative notice for purpose of appeal. The inclusion of the conditional language in and of itself made the notice defective. Moreover, when viewed in conjunction with the receipt of the certified let-

ter sometime thereafter, which included the language "[a]ppeals must be filed with the Environmental Hearing Board within 30 days of receipt of written notice of this action" (as did the so called "advanced copy"), we feel that it was even more understandable that SRS relied on the certified letter as the operative notice for purposes of the thirty-day appeal period.

Accordingly, EHB's order dismissing SRS's appeal as untimely is hereby vacated; and this case is remanded to EHB for a hearing on the merits of DEP's decision not to grant SRS's request for extension of its plan approval.

### ORDER

AND NOW, this 22nd day of December, 1997, the order of the Environmental Hearing Board in the above-captioned matter is vacated, and this matter is remanded to the Board for a hearing on the merits of the Department of Environmental Protection's decision to deny SRS's request for extension of its plan approval.

Jurisdiction relinquished.

LEADBETTER, J., did not participate in the decision in this case.

---

the facsimile was the operative notice and by attaching a copy to its motion. SRS's response to DEP's motion to dismiss in turn properly addresses the issue of the facsimile in paragraph

three, stating that "the facsimile cover sheet indicates that the facsimile transmittal was advance notice" and by referring to DEP's exhibit containing the facsimile and cover sheet.