CRAWLEY, Judge.
In October 1998, the Alabama Department of Environmental Management (“ADEM”) issued to IPSCO Steel, Inc., a permit authorizing the construction and operation of various air-pollution-control devices on a steel mill IPSCO proposed to build and operate in Axis, Alabama. One of the requirements of the permit was that IPSCO’s mill have an emissions smokestack equipped with an instrument known as a “continuous opacity monitor” (“COM”). In November 1999, IPSCO requested a modification of the permit, seeking, among other things, to be allowed to use a continuous ridge vent, rather than a smokestack, as the exhaust point for the emissions from the mill and proposing to substitute triboelectric sensors for the COM. On May 10, 2000, ADEM denied IPSCO’s request for a modification of its permit with respect to the elimination of the smokestack and the COM.
On May 25, 2000, IPSCO filed with the Environmental Management Commission (“the Commission”) a timely request for a hearing, pursuant to § 22-22A-7(c)(3), Ala. Code 1975, to contest the denial. The Commission referred the matter to a hearing officer for findings and recommendations. After a three-day evidentiary hearing, the hearing officer, on July 31, 2000, filed his findings of fact, conclusions of law, and recommendations to the Commission.
The hearing officer recommended that the Commission approve IPSCO’s design-modification request, conditioned upon IP-SCO’s undertaking additional modifications and monitoring measures. The hearing officer also made the following additional recommendation:
“I recommend that the Commission’s modification of this permit as outlined above be conditioned upon compliance with the public participation requirements in ADEM Admin. Code R. 335-3-14-.04(16). Should comments thereafter be received which indicate that the Commission’s conditional decision should be modified further in some way, I recommend that the matter be re *346 manded to the Hearing Officer for consideration of those comments so that a recommendation can then be made to the Commission based upon those comments and any additional comments provided by [ADEM] and IPSCO with respect to the public comments. The Commission’s decision at that point will become final.”
(First emphasis original; later emphases added.) On August 1, 2000, the Commission adopted the findings and recommendations of the hearing officer without modification.
On August 31, 2000, IPSCO appealed to the Mobile Circuit Court, arguing that the Commission had no authority to conduct a second review of IPSCO’s design-modification request after receipt of public comments and also seeking an injunction that would allow it to continue the construction of its mill pending the outcome of the appeal. The circuit court dismissed IP-SCO’s appeal because, it held, the purported appeal was from a nonfinal order of the Commission. The circuit court also denied IPSCO the injunctive relief it sought. We affirm.
In Alabama Environmental Management Commission v. Fisher Industrial Service, Inc., 586 So.2d 908 (Ala.Civ.App.1991), this court outlined the statutory authority for judicial review of an order of the Commission as follows:
“Section 41-22-27(f)[, Ala.Code 1975], which took effect with regard to ADEM on. October 1, 1986, provides, in pertinent part, as follows:
“ ‘Except as provided in subdivision (6) of subsection (c) of section 22-22A-7, judicial review of any order of the environmental management commission modifying, approving or disapproving an administrative action of [ADEM] shall be in accordance with the provisions for review of final agency decisions of contested cases in sections 41-22-20 and 41-22-21.’
“Section 22-22A-7(c)(6) provides as follows:
“ ‘(6) Any order of the environmental management commission made pursuant to the above procedure, modifying, approving or disapproving the department’s administrative action, constitutes a final action , of the department and is appealable to the Montgomery county circuit court or the circuit court in which the applicant does business or resides for judicial review on the administrative record provided that such appeal is filed within 80 days after issuance of such order.’
“Therefore, judicial review of an order of the Commission will be in accordance with § 22-22A-7(c)(6), if the order was entered pursuant to the procedures in § 22-22A-7(c). Ex parte Baldwin County Commission, 526 So.2d 564 (Ala.1988). In the present case the order was entered in. accordance with § 22-22A-7(c); therefore, judicial review of the Commission’s decision is exempted from the application of § 41-22-20, which provides for judicial review of agency orders under the Alabama Administrative Procedure Act (AAPA). See Dawson v. Alabama Dep’t of Environmental Management, 529 So.2d 1012 (Ala.Civ.App.1988).”
Alabama Envtl. Mgmt. Comm’n v. Fisher Indus. Serv., Inc., 586 So.2d at 909-10.
The hearing officer’s July. 31, 2000, recommendation to the Commission — that it approve IPSCO’s requested modification conditioned on IPSCO’s making additional modifications and undertaking certain monitoring measures, and conditioned on receiving public comment pursuant to the requirements of *347 ADEM Admin. Code R. 335-3-14-.04(16) — was not, in the words of § 22-22A-7(c)(6), an order “modifying, approving or disapproving [ADEM’s] administrative action.” Likewise, the Commission’s August 1 “order” adopting the hearing officer’s findings and recommendations in toto was not an order “modifying, approving or disapproving [ADEM’s] administrative action.” An “order” that will support an appeal is a final order, not a conditional order. See generally Ex parte Gilmer, 64 Ala. 234 (1879) (holding that a final judgment, decision or order that will support an appeal is one that puts an end to the proceedings between the parties and leaves nothing further to be done); Ford Motor Co. v. Tunnell, 641 So.2d 1238, 1240 (Ala.1994) (holding that when an order leaves the exact nature or extent of a party’s liability “for a later determination based on uncertain conditions,” it is not final).
The hearing officer’s recommendation, which the Commission adopted as its decision, was, by its very terms, a conditional approval, not a final determination, of IPSCO’s request. “[T]he inclusion of conditional language is a good indication that an administrative determination is not final.” Soil Remediation Sys., Inc. v. Department of Envtl. Protection, 703 A.2d 1081, 1084 (Pa.Commw.Ct.1997). See also Takao v. Zoning Bd. of Adjustment, 656 So.2d 873 (Ala.Civ.App.1995); McCurry v. Gold Kist, Inc., 647 So.2d 732 (Ala.Civ.App.1993).
In Takao, this court held that a decision by a city zoning board was not a final decision and therefore not appealable because its overturning of an urban planner’s determination was conditional, i.e., “ ‘subject to the [property owner’s] providing income tax records indicating rental. income for the ... property during the time [he] owned the ... property.’ ” Takao, 656 So.2d at 873.
In McCurry, this court decided that an order conditionally granting a post-judgment motion to allow the trial court to consider additional evidence and to take the matter under advisement was not final and appealable. We held: “The decision of the trial court ... to grant the post-judgment motion, albeit conditionally, effectively delayed a final, appealable determination of this case until the ... final order was issued.” McCurry, 647 So.2d at 735.
Section 22-22A-7(c)(6), when read together with § 41-22-27(f), merely removes ADEM from the rehearing provisions established for other administrative agencies by § 41-22-17, Ala.Code 1975. See Ex parte Baldwin County Comm’n, 526 So.2d 564 (Ala.1988). In other words, a party litigating with ADEM has no opportunity to apply for a rehearing, and the Commission has no authority to reconsider its actions on rehearing. Id. As our supreme court recognized in Ex parte Baldwin County Commission, by enacting § 22-22A-7(e)(6) and § 41-22-27(f), “the legislature exempted [ADEM] from those provisions of the Administrative Procedure Act that dealt with rehearing.” 526 So.2d at 566 (emphasis added).
Admittedly, the Baldwin County Commission court stated that “§ 22-22A-7(c)(6) expressly provides that any order of [the Commission] shall constitute & final order.” 526 So.2d at 567. However, when read in the context of the facts and the legal issue presented in that case, the word “final” must be understood to mean “last,” in the sense that the agency action is not subject to being reconsidered on rehearing. On the other hand, the word “order” in the same statement must be understood to mean “final order,” in the 'sense that the agency action conclusively adjudicates all *348 claims and leaves nothing further to be done. See Ex parte Gilmer, supra; Ford Motor Co. v. Tunnell, supra.
If, as IPSCO argues, all Commission orders are automatically “final orders” merely by virtue of § 22-22A-7(c)(6), then ADEM would never have the power to enter a conditional order. Accepting that argument under the circumstances of the present case would prevent ADEM from fulfilling its statutory responsibility to the citizens of Alabama.
In § 22-22A-2, Ala.Code 1975, the Legislature stated its intent in creating ADEM. It charged ADEM with the statutory responsibility, among other things, of “protectfing] human health and safety, ... developing] and providing] for a unified environmental regulatory and permit system, ... [and] insuring] that government is responsive to the needs of the people and sufficiently flexible to meet changing conditions.” By conditioning its approval of IPSCO’s request on input from the public, pursuant to ADEM Admin. Code R. 335-3-14-04(16), ADEM was obviously attempting to fulfill its statutory responsibility to ensure public participation in its decisions regarding environmental matters. As the circuit court aptly observed in this case:
“The modification requested by IPSCO goes to the very heart of its pollution control and cannot be considered a ‘minor modification,’ the consideration of which would not require public participation. The Commission correctly conditioned its decision on compliance with the public participation requirement. To have allowed the modification without compliance would have made a mockery of the rights of the public.”
Because the Commission’s order was clearly conditional, the trial court’s dismissal of IPSCO’s purported appeal as being from a nonfinal judgment is due to be affirmed.
AFFIRMED.
YATES, P.J., and MURDOCK, J., concur.
THOMPSON, J., concurs in the result only.
PITTMAN, J., dissents.