DONALDSON, Judge,
concurring in part and dissenting in part.
I concur with the main opinion insofar as it affirms the juvenile court’s judgment awarding custody of J.J.V. (“the child”) to J.V. (“the father”); however, I respectfully dissent from the main opinion insofar as it reverses the juvenile court’s decision regarding the timing and manner in which the father will obtain physical custody of the child.
The record shows that the juvenile court has been attempting to restore physical custody of the child to the father since December 2014. The juvenile court’s decision in July 2015 to order the transfer of physical custody without further delay was made deliberatively following multiple days of trial and after an assessment of the credibility of the witnesses and the weight to be afforded to the testimony found to be credible. As the fact-finder, the juvenile court was not bound by the recommendations of Dr. Elaine Eassa, a psychologist, regarding the timing of the transition of physical custody. See, e.g., McCurry v. Gold Kist, Inc., 647 So.2d 732, 734 (Ala.Civ.App.1993)(“A trial court is not bound by the testimony of expert witnesses, even if that testimony is uncontro-verted.”); see also Patrick v. FEMCO Se., Inc., 565 So.2d 644, 645 (Ala.Civ.App.1990)(holding that, in a non-jury case, “[t]he trial court is the trier of fact and weighs all of the evidence, including the expert’s testimony, and then decides what to do”).
The record indicates that the juvenile court performed the required functions of listening to and assessing the testimony of various witnesses before reaching the decision to transition the custody of the child to the father in the manner ordered. In reviewing these types of decisions, “we are not permitted to reverse [a judgment of] a trial court that personally observed and *1255 heard the evidence unless the judgment is so unsupported by the evidence that it constitutes an abuse of judicial discretion, and was, thus, clearly and palpably wrong.” Fassina v. Fassina, 401 So.2d 113, 115 (Ala.Civ.App.1981). The juvenile court could have determined that it was necessary to reunite the father with the child without further ■ delay, and without the need for continued involvement by the state. Although the decision reached by the juvenile court is debatable and subject to disagreement, the decision was for the juvenile court to make, and the decision actually made by the juvenile court did not exceed the discretion afforded to that court. Accordingly, I would affirm the judgment in its entirety.