This is an unemployment compensation case
The claimants brought this action to appeal the Department of Industrial Relations' denial of unemployment compensation benefits. The trial court dismissed the appeals of fifteen claimants for lack of jurisdiction, dismissed the appeals of nine claimants on the ground that they had not filed an initial claim for benefits with the department; and ordered the department to hold appropriate administrative hearings on the claims of the remaining seventy-nine claimants
The department appeals from the trial court's order directing it to hold hearings on the claims of the seventy-nine claimants
The fifteen claimants whose appeals were dismissed for lack of jurisdiction cross-appeal from that dismissal
We find no error and affirm
At the outset we note that there are 103 individuals named as claimants in the instant case. For the sake of clarity the fifteen whose appeals were dismissed for lack of jurisdiction will be referred to as group one. The group of seventy-nine whose claims were remanded to the department for administrative hearings will be referred to as group two. The remaining nine claimants will be group three. Group three is not involved in the instant appeal
The record reveals the following facts:
The claimants were non-tenured teachers employed by the Cullman County Board of Education. The claimants were terminated by the school board at the end of the 1976 school year. All claimants except those in group three filed claims for unemployment compensation benefits with the department These claims were denied *Page 410 
The claimants appealed the denial of benefits to a department appeals referee pursuant to § 25-4-92, Code of Ala. 1975. An appeals referee heard the claims of approximately sixty-three claimants. However, before the remaining claims were heard, the two attorneys representing some of the claimants and the department agreed to appeal a test case to the Board of Appeals. The purpose of the test case was to obtain the Board's ruling on a legal issue common to all of the claims
At this point the remaining appeals referee hearings were cancelled and all claims, with the exception of those of the claimants in group one and one Cheryl Black, were remanded to the department's benefits section pending the Board's decision in the test case. Since the remand no further administrative action has been taken on these claims
The claims of the members of group one were appealed to the Board of Appeals as was the claim of one Cheryl Black, as a representative of group two. Cheryl Black's claim was designated as the test case. The Board ruled in favor of the department in each case and a statutory notice of its decision was sent to each group one claimant or his attorney
Cheryl Black then appealed to the circuit court pursuant to §25-4-95, Code of Ala. 1975. The members of group one were not joined as parties plaintiff nor was class action status conferred upon the case
The Cheryl Black case was dismissed by the circuit court upon the request of her counsel after Black decided that she no longer desired to pursue the matter. Even if Cheryl Black had wished to pursue her appeal the circuit court would have had no jurisdiction to hear the action because the appeal was untimely filed.[1]
The members of group one did not file an appeal in the circuit court within the time allowed by § 25-4-94, Code of Ala. 1975
 I
As indicated, the department appeals from the trial court's order directing the department to hold appropriate administrative hearings of the claims of the members of group two. Stated differently, the department through counsel contends that there was a test case agreement between the claimants' attorneys and the department; that under this agreement the final decision in the test case would be binding on all claimants similarly situated to the test claimant; and that the Board of Appeals' decision in the test case had become final due to the untimely appeal of the test case to the circuit court. In short, the department argues that group two's claims have been denied by the Board en masse and that, since the time for appeal has run, the board's decision has become final
The trial court, in ordering the department to hold administrative hearings for claimants in group two, held, in effect, that there was no test case agreement. In reaching this decision the trial court noted that "some, if not all, of these Plaintiffs [group two] indicated that they desired individual appeals, rather than be bound by the results of any test case."
There is a paucity of legal authority concerning the requisites of a valid test case agreement. The few opinions we have discovered indicate that the outcome of a test case will not be binding upon the individual claimants unless they have agreed to be bound. See Aluminum Company of America v. UnitedStates, 30 F. Supp. 676 (Ct.Cl. 1940), modified, 32 F. Supp. 767
(Ct.Cl. 1940); Aluminum Company of America v. United States,30 F. Supp. 686 (Ct.Cl. 1940). The definition of test case found in Black's Law Dictionary also indicates that the parties to a test case must agree to be bound by it. Black's Law Dictionary at 1321 (5th ed. 1979) defines test case as:
 Test action or case. An action selected out of a considerable number of suits, concurrently depending in the same court, brought by several plaintiffs *Page 411 
against the same defendant, or by one plaintiff against different defendants, all similar in their circumstances, and embracing the same questions, and to be supported by the same evidence, the selected action to go first to trial (under an order of court equivalent to consolidation), and its decision to serve as a test of the right of recovery in the others, all parties agreeing to be bound by the result of the test action . . . . (Emphasis supplied.)
As indicated above, the trial court found that the claimants in group two had not agreed to abide by the result in the test case. The trial court's decision is supported by the evidence presented to it. On July 16, 1976, the department sent letters to the claimants suggesting that a single claimant be chosen to pursue his or her claim as a test case. If the individual claimants did not wish to rely on the test case they were to notify the department. The response to the July 16 letter was not favorable to a test case. On August 5, 1976, the department again sent the claimants letters indicating the department had abandoned the idea of a test case and would set up individual appeals. Subsequent to August 5, 1976, there is no evidence that any claimant agreed to be bound by any test case
The department relies upon the agreement between the department's attorneys and the attorneys for the claimants that the Cheryl Black case would be a test case. The trial court, in its judgment, recognized that such an agreement was made However, the law is well settled that an attorney cannot compromise a client's claim or prejudice the client's rights absent authorization from the client. Salter v. Carter,257 Ala. 216, 58 So.2d 454 (1952). As stated earlier, there is no evidence that any of the claimants in group two ever authorized their attorneys to compromise their claims by entering into a test case agreement. Additionally, such authorization would have been difficult to obtain since the record reveals some confusion as to just which claimants were represented by the attorneys who entered into the agreement
The judgment of the trial court will not be disturbed on appeal unless plainly erroneous. Killough v. DeVaney,374 So.2d 287 (Ala. 1979). For the reasons stated above, we find no such error in the case before us. The trial court properly ordered the department to hold further hearings on the claims of the members of group two
 II
As stated above, the fifteen claimants in group one cross-appeal from the trial court's order dismissing them from the action
As stated above, each member of this group filed a timely appeal with the Board of Appeals. The Board in each case affirmed the decision of the appeals referee and denied benefits. Each member of group one received timely notice of the Board's decision. However, no member of group one filed a notice of appeal in the circuit court within the time period provided by § 25-4-95, Code of Ala. 1975
To invoke the jurisdiction of the circuit court, a claimant must file a timely notice of appeal with that court. Crawley vCarter, 378 So.2d 1139 (Ala.Civ.App. 1979). Section 25-4-95, Code of Ala. 1975, stated that this notice of appeal must be filed "within 10 days after the decision of the board of appeals has become final. . . ."
The record is clear that no member of group one filed a notice of appeal with the circuit court within the ten days provided by § 25-4-95. Therefore these claimants failed to timely invoke the jurisdiction of the circuit court and we find that the trial court did not err in dismissing their appeals
Contrary to the contentions of counsel for the group one claimants, relief pursuant to rule 60 (b), A.R.C.P., is not appropriate in this case. Section 25-4-95 is the exclusive method for appeal of the decisions of the Board of Appeals to the circuit court. The claimants in group one failed to invoke the jurisdiction of the circuit court as required by § 25-4-95
This court has previously held that rule 60 (b) may not be invoked to alter the jurisdiction of the circuit court *Page 412 
because such would constitute judicial alteration of the substantive law. State v. Ladner Co., 346 So.2d 1160
(Ala.Civ.App. 1977)
For the reasons stated above, the case is due to be affirmed
AFFIRMED
WRIGHT, P.J., and BRADLEY, J., concur
[1] The issue of the untimely filing of the Cheryl Black appeal was raised by the department for the first time in its motion to reconsider denial of a summary judgment in the case before us.
 ON REHEARING