This is an unemployment compensation benefits case.
On January 29, 1980 International Molders and Allied Workers — Local # 65 called a strike against Mueller Company, and a picket line was established. On August 10, 1980 the striking employees met and voted to accept an offer made by Mueller and picketing was ended at that time. However, the company rejected this acceptance and the dispute was not finally settled until September 7, 1980. A new contract was signed on September 16, 1980. The striking employees made claim for unemployment compensation benefits on the ground that the labor dispute had ended when they offered to return to work and stopped picketing.
Several employees, among them Tony Payne and Glenis E. Sims, appellants in this case, were selected as test claimants to litigate the controversy over unemployment compensation benefits for the period between August 10, 1980 and September 7, 1980. They were successful before the appeals referee, who awarded them benefits. Mueller appealed the decision to the Board of Appeals. On February 13, 1981 the Board found that the claimants' unemployment was directly due to a labor dispute and that they were not entitled to unemployment compensation benefits under § 25-4-78 (1), Code 1975. Notice of this decision was sent to Payne and Sims on February 13, 1981. The test claimants appealed to the Circuit Court of Marshall County on May 19, 1981. The Department of Industrial Relations filed a motion in the circuit court asking that the appeal be dismissed for the reason that it was untimely. The motion was overruled, and the circuit court heard the case on its merits. The court held that claimants' unemployment was directly due to a labor dispute and that they were therefore ineligible for compensation benefits. Payne and Sims appealed to this court.
The preliminary issue is whether the circuit court had jurisdiction to decide the question appealed to it by Payne and Sims, i.e. had the claimants' appeal been perfected to the circuit court in accordance with statutory procedure. Section25-4-94 (d), Code 1975, provides:
 "Any decision of the board of appeals, in the absence of an appeal therefrom as provided in this article, shall become final 10 days after the date notification thereof shall have been mailed, postage prepaid, to the parties to the proceeding, at their last known addresses. The director shall be deemed to be a party to all such proceedings and to any judicial action involving any such decision."
Section 25-4-95, Code 1975, sets out the procedure for appealing a decision of the Board of Appeals to the circuit court and is, in pertinent part, as follows:
 "Within 10 days after the decision of the board of appeals has become final, any party to the proceeding including the director who claims to be aggrieved by the decision may secure a judicial review thereof by filing a notice of appeal in the circuit court of the county of the residence of the claimant. . . . In such action, the notice of appeal need not be verified, but shall state the grounds upon which a review is sought. A copy shall be served upon the director or upon such person as the director may designate (and for the purpose hereof, mailing a copy addressed to the director at Montgomery by registered or certified mail shall be *Page 233 
deemed service on the director), and such service shall be deemed completed service on all parties, but there shall be left with the parties so served as many copies of the notice of appeal as there are defendants, and the director shall forthwith mail one copy to each defendant. The director shall cause to be certified and filed in the said court all documents and papers introduced in evidence before the board of appeals or appeals tribunal, together with the findings of fact and the decision of the board of appeals or the appeals tribunal, as the case may be. No circuit court shall permit an appeal from a decision allowing or disallowing a claim for benefits unless the decision sought to be reviewed is that of an appeals tribunal or of the board of appeals and unless the person filing such appeal has exhausted his administrative remedies as provided by this chapter. Trial in the circuit court shall be de novo."
It is well recognized that a judgment rendered in the absence of subject matter jurisdiction is void. See Rogers v. Smith,287 Ala. 118, 248 So.2d 713 (1971); Farrell v. Farrell,243 Ala. 389, 10 So.2d 153 (1942); Louisville N.R. Co. v. Tally,203 Ala. 370, 83 So. 114 (1919). Furthermore, such a defect cannot be waived by the parties. Ex parte Phillips, 231 Ala. 364,165 So. 80 (1935). Moreover, it becomes the duty of an appellate court to question the lack of subject matter jurisdiction ex mero motu. City of Huntsville v. Miller,271 Ala. 687, 127 So.2d 606 (1958).
This court has determined that the requirements of § 25-4-95, Code 1975, are jurisdictional, Cruce v. Demarco Concrete Block Co., 380 So.2d 900 (Ala.Civ.App. 1980), and that the section provides "the exclusive method for appealing the decision of the Board of Appeals to the circuit court." Davisv. Black, 406 So.2d 408 (Ala.Civ.App. 1981). In Director ofState Department of Industrial Relations v. Nolin,374 So.2d 903 (Ala.Civ.App. 1979), we explained our holding by saying:
 "Unemployment compensation is a creature of statute and was unknown at common law. Therefore, the legislature may lay down any reasonable and nondiscriminatory conditions it may see fit concerning eligibility and procedure."
In the case at bar it appears that the decision of the Board of Appeals was mailed to each test claimant at his last known address on February 13, 1981. That order became final within ten days, and the time for perfecting an appeal to the circuit court ran within another ten days. Thus, the last date on which test claimants could have appealed to the circuit court was March 5, 1981. The record clearly shows that no appeal was filed until May 19, 1981, a date which was well outside the statutory period.
Appellants initially argue that this court is without authority to consider the jurisdictional question in the absence of a cross-appeal — the appellee does not cross-appeal but does question the jurisdiction of the circuit court in its brief. It is axiomatic, however, that the lack of jurisdiction can be questioned by a party at any time and by this court ex mero motu. City of Huntsville v. Miller, supra.
Appellants' next argument is that they were represented by counsel before the appeals referee and that their attorney was thus entitled to be notified of the company's appeal to the Board of Appeals and to be notified of the decision of the Board of Appeals so that an appeal could be taken to the circuit court within the statutory periods. The record shows that claimants were notified of their employer's appeal to the Board of Appeals but that their lawyer was not given notice of that appeal by the Board of Appeals. Appellants argue, however, that their attorney was a party to these proceedings and thus was required to be notified just as they were notified. Claimants' theory that their attorney was a party to these proceedings and thereby entitled to notice is based on the holding in the case of Gulf States Steel Co. v. Christison,228 Ala. 622, 154 So. 565 (1934). In the Christison case the supreme court held that an attorney in a workmen's compensation case could become a party within the meaning *Page 234 
of a statute providing for the disqualification of a judge who was related to a party within the fourth degree if he was entitled to receive a statutory fee for his services.
It should be noted, however, that in the Christison case the supreme court was concerned with the disqualification of a judge to hear a case because of his relationship to a party whereas in the case at bar the concern of this court is whether the attorney had notice of the proceedings so that he might properly represent his clients. In the cited case the concern of the court was to protect the integrity of the judiciary whereas in the instant case the primary interest of the courts is to assure that the claimants had notice of the employer's appeal to the Board of Appeals so that they could protect their interests.
It is undisputed that the claimants were notified of the appeal of the Mueller Company to the Board of Appeals, of the hearing before the Board and the Board's decision and that they did not appeal to the circuit court within the statutory period. Furthermore, there is testimony in the record that claimants' attorney received a letter from Mueller's attorneys and a copy of their brief on January 27, 1981 concerning the appeal to the Board of Appeals. Therefore we are constrained to hold that Christison is inapplicable to the case at bar because the real parties to this proceeding were properly notified of each step in the proceedings as required by law and their interests were properly protected. Had they wanted their attorney to be aware of the appeal they could have notified him. Also claimants' attorney had information, i.e. the letter and brief from Mueller's attorneys, that an appeal was pending before the Board of Appeals and an inquiry would have made him fully aware of the proceedings before the Board of Appeals.
We conclude, therefore, that the appeal to the circuit court from the Board of Appeals' decision was not within the statutory time period and that the circuit court had no jurisdiction to hear the appeal on its merits. The circuit court erred in refusing to grant the Department's motion to dismiss the appeal.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.