In an effort to execute on a $10,058.98 judgment against Teddy Ray Shuttlesworth, Peoples Bank and Trust Company filed a process of garnishment against Shuttlesworth's employer, Franklin Life Insurance Company ("Franklin Life"). On May 21, 1990, an officer of the Dallas County Sheriff's Department served the process of garnishment on "Teddy Shuttlesworth, Garnishee" and on "Defendant Teddy Ray Shuttlesworth." On June 28, 1990, the circuit court entered a conditional judgment in the amount of $8,109.98, plus interest, against Franklin Life for failure to answer the garnishment as required by Ala. Code 1975, § 6-6-393. On July 3, 1990, the circuit clerk entered an order of service and return, commanding a sheriff or any other authorized person to deliver a copy of the conditional judgment and a notice of entry of conditional judgment to "Franklin Life Insurance Company at 722 Alabama Avenue, Suite 10, Selma, Alabama." On July 23, 1990, an officer of the Dallas County Sheriff's Department delivered a copy of the conditional judgment and a notice of entry of conditional judgment on "T.R. Shuttlesworth." On September 17, 1990, the circuit court rendered a final judgment in the amount of $8,109.98, plus $2,303.67 in interest, against Franklin Life. On December 12, 1990, Franklin Life filed a motion to set aside the judgment pursuant to Rule 60(b), A.R.Civ.P. The circuit court denied the motion, and Franklin Life appeals.
Franklin Life argues that the service of the process of garnishment was improper and that, therefore, the resulting default judgment is void and is due to be set aside. Specifically, Franklin Life contends that because Shuttlesworth's interests in the garnishment are adverse to its interests, the service on Shuttlesworth, although he was an agent of Franklin Life, was improper.
This Court has never addressed this issue; however, inCity of Grand Forks v. Mik-Lan Recreation Ass'n, Inc.,421 N.W.2d 806 (N.D. 1988), the Supreme Court of North Dakota stated:
 "It is well settled that service on an officer or agent of a corporation, who has an interest in the action or the claim antagonistic to the interest of the corporation, is invalid, although the officer or agent is otherwise a statutorily authorized person to receive service on behalf of the corporation."
421 N.W.2d at 810 (citations omitted). See, also, 19 C.J.S.Corporations, § 731 at 387 (1990). *Page 68 
Applying this rule to the facts of this case, we hold that the service on Shuttlesworth, as an agent of Franklin Life, was improper and that, therefore, the default judgment rendered against Franklin Life is void. Accordingly, we reverse the trial court's judgment denying Franklin Life's Rule 60(b) motion, and we remand the cause for action consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, ALMON, ADAMS and INGRAM, JJ., concur.