John Takao appeals from a summary judgment in a zoning case. We reverse and remand.
At some time before July 24, 1991, the Birmingham director of urban planning determined that a four-unit apartment building located in the City of Birmingham had lost its nonconforming status. Takao, the owner of the building, appealed that decision to the City's Zoning Board of Adjustment on July 24, 1991. The Zoning Board held a public hearing, which resulted in the Zoning Board's overturning the director's decision. The Zoning Board's records reflect a resolution adopted at its meeting on September 12, 1991, that conditionally overturned the director's decision, "subject to the applicant providing income tax records indicating rental income for the subject property during the time the applicant and his family owned the subject property." David Trott and other residents of the area in which Takao's building was located ("the residents") filed a notice of appeal to the circuit court on September 27, 1991, before the Zoning Board had received the records requested from Takao.
Takao later requested from the Zoning Board additional time in which to furnish the tax records. The Zoning Board's records reflect that on December 12, 1991, it granted Takao's request and gave him an additional 90 days from that date in which to furnish the records. In March 1992, the residents asked the Zoning Board to reconsider its actions in overruling the director and granting the extension of time to Takao. The Zoning Board's records reflect that the request for reconsideration was "given NO ACTION by the Board" at its meeting on April 9, 1992; thus, the Zoning Board clearly continued the cause.
Takao then moved to intervene in the circuit court action, filing a motion to intervene and an answer on July 10, 1992. The trial court granted intervention on July 17, 1992. Takao filed an amended answer on August 3, 1992. The residents moved to remand or to dismiss on March 30, 1993; their motion was denied on April 29, 1993. On June 4, 1993, the residents filed a motion to realign the parties; the trial court granted that motion on February 25, 1994. After realignment, Takao became the plaintiff, the Zoning Board remained the defendant, and the residents became intervenors.
On February 22, 1994, the residents moved for a summary judgment. Takao opposed that motion by filing his affidavit, on April 19, 1994. The trial court entered a summary judgment against Takao on May 20, 1994, and Takao appealed. On appeal, both the Zoning Board and the residents are appellees.
Takao argues here, for the first time, as far as we can tell, that the circuit court lacked subject matter jurisdiction. Subject matter jurisdiction may be raised for the first time on appeal. Ex parte Smith, 438 So.2d 766 (Ala. 1983); Payne v.Department of Indus. Relations, 423 So.2d 231 (Ala.Civ.App. 1982). Indeed, a lack of jurisdiction cannot be waived or jurisdiction conferred by consent. Payne, 423 So.2d at 233. See also City of Huntsville v. Miller, 271 Ala. 687, 127 So.2d 606
(1958).
An examination of the record clearly reveals that the Zoning Board never rendered a final judgment in this matter. The *Page 875 
enabling statute, § 11-52-80(c), Ala. Code 1975, provides: "The board of adjustment shall fix a reasonable time for the hearing of the appeal, give public notice thereof, . . . and decide the same within a reasonable time." That the residents appreciated the Zoning Board's action in granting Takao an extension of time in which to supply the tax records, and thus retaining jurisdiction, is manifested in the residents' request to the Zoning Board to reconsider its actions in overruling the director's decision and granting the extension. Indeed, the residents' appeal to the circuit court was filed before they requested the reconsideration. We certainly cannot hold, as a matter of law, that the Zoning Board had exceeded the "reasonable time" permitted by the statute for it to rule.
Since the circuit court had no jurisdiction in this case, we do not address the merits of the case.
Because the circuit court had no jurisdiction to consider the appeal filed by the residents, its summary judgment is void.Payne, 423 So.2d at 233. See also Franklin Life Ins. Co. v.Peoples Bank Trust Co., 594 So.2d 67, 68 (Ala. 1992); Kallerv. Rigdon, 480 So.2d 536, 539 (Ala. 1985). The effect of this conclusion is to recognize that this cause remains within the breast of the Zoning Board for further proceedings. Accordingly, we reverse the trial court's judgment and remand the cause to the trial court with directions to enter an order dismissing this case for lack of jurisdiction and remanding the cause to the Zoning Board.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.