739 So.2d 35 (1999)
Ex parte CITY OF FAIRHOPE AND BOARD OF ADJUSTMENTS AND APPEALS OF THE CITY OF FAIRHOPE.
(In re Edwina S. Hamilton, individually, and as trustee of the Edwina S. Hamilton Inter Vivos Trust, and Harold E. Hamilton v. City of Fairhope, Alabama; Board of Adjustments and Appeals for the City of Fairhope, Alabama; Weezie Brabner; and Ernie Brabner.
1971984.
Supreme Court of Alabama.
May 7, 1999.
*36 Caine O'Rear III and Jaime W. Betbeze of Hand Arendall, L.L.C., Mobile; and Marion E. Wynne, Jr., of Wilkins, Bankester, Biles & Wynne, P.A., Fairhope, for petitioners.
Allan R. Chason and Jessica M. McDill of Chason & Chason, P.C., Bay Minette, for respondents.
PER CURIAM.
This case concerns the application of a zoning ordinance in the City of Fairhope. The dispute is over whether the addition of a second story to a nonconforming building violates the ordinance. This Court granted the City's petition for certiorari review to consider whether the trial court had jurisdiction to hear the case and, if so, whether the Court of Civil Appeals erred in reversing the judgment of the trial *37 court. See Hamilton v. City of Fairhope, 739 So.2d 30 (Ala.Civ.App.1998). We reverse and remand.
On October 26, 1996, the City issued a building permit to Weezie Brabner, permitting her to add a second story to a garage, which was a nonconforming building located on property she and her husband, Ernie Brabner, owned. It did not conform to the zoning laws because it did not meet the "side-yard requirement." Edwina S. Hamilton, individually and as trustee of the Edwina S. Hamilton Inter Vivos Trust; and Harold E. Hamilton, both as owners of adjoining property, appealed the issuance of the building permit, to the Board of Adjustments and Appeals of the City of Fairhope ("the Board"), alleging that the issuance of the building permit violated the provisions of the City's zoning ordinance.
On December 16, 1996, the Board conducted a hearing on the appeal. The issue before the Board was whether Bob Lunsford, the city's zoning officer, had correctly interpreted §§ 4.4; 4.411; and 4.412 in granting the building permit allowing the Brabners to expand their nonconforming garage. Lunsford testified that the alteration of the garage, by adding a second story, would not increase the nonconformity relating to the "side-yard requirement." He stated that the garage, as expanded, would meet the front- and rear-yard requirements and the height requirement, and that the existing nonconformity would not be expanded. The minutes of the Board's hearing reflect that no motion was made at that hearing, and they state that the Board determined that the building permit "will stand as issued." The Brabners then began construction on the second story of the garage.
On December 30, 1996, the Hamiltons filed a complaint against the City and the Board, asking the Circuit Court of Baldwin County to hold that the building permit issued to Weezie Brabner violated the provisions of the Fairhope zoning ordinance and was therefore illegal and void. They also sought to stay construction on the garage pending further orders of the court. That same day, the Brabners filed a complaint in intervention, asking the circuit court to declare that they had obtained an easement over the Hamiltons' property and asking that they be awarded court costs. After a hearing, the circuit court entered a judgment in favor of the City and the Board affirming the issuance of the building permit.
The Hamiltons appealed to the Court of Civil Appeals, contending that the circuit court had erred in deferring to the zoning officer's interpretation of the applicable provisions of the zoning ordinance. In reviewing the trial court's judgment, the Court of Civil Appeals stated:
"The trial court used the `fairly debatable' standard in deferring to Lunsford's interpretation of the ordinance in entering a judgment in the City's favor. The Hamiltons argue that the `fairly debatable' standard does not apply to decisions of the Board or of the zoning officer. Our supreme court has held that the `fairly debatable' standard applies when a municipality acts in a legislative capacity, and not in an administrative capacity. Ryan v. City of Bay Minette, 667 So.2d 41 (Ala.1995). Therefore, we conclude that the trial court erred in deferring to Lunsford's interpretation of the zoning ordinance.
". . . .
"The language of § 4.411 is plain; it requires the owner of a non-conforming building to comply with the side, front, and rear yard requirements and with the height requirements before a nonconforming building can be structurally altered or expanded. Moreover, § 4.412 forbids the extension of a non-conforming building to include additional buildings or land. After carefully reviewing the applicable provisions of the zoning ordinance, we conclude that the City's issuance of a building permit to Weezie Brabner was in violation of §§ 4.411 and *38 4.412; therefore, the trial court erred in entering a judgment in the City and the Board's favor."
Hamilton v. City of Fairhope, 739 So.2d at 33-34.
The first question before this Court is whether the trial court had subject-matter jurisdiction. The Court of Civil Appeals concluded that it did. The City and the Board contend that the trial court had no jurisdiction in this case, because, they argue, the Board had not made a final ruling; thus, they say, this cause should be remanded with instructions to dismiss it. The Court of Civil Appeals stated in its opinion that the Board did not render a final judgment or decision regarding the Brabners' permit, but nevertheless had jurisdiction based on an "exception[] to the `exhaustion doctrine.'" 739 So.2d at 33. The minutes of the Board's hearing state, "[A] motion was not forthcoming, therefore the building permit will stand as issued." We take that as a final ruling affirming the issuance of the permit. Mr. Hamilton, an owner of adjoining property, testified that the parliamentary rules of the Board provide that "no motion at all from any Board member just automatically approves the building permit," i.e., that the absence of a motion means the Board approves the issuance of the permit. His testimony was undisputed. The minutes of the Board's hearing also reflect that the Fairhope city attorney "cautioned the Brabners that there is a 15-day appeal time and that they should wait until this time passed before continuing construction." We note that no one contended in the pleadings, or at trial, that the Board action was not final.
The City and the Board contend that the Court of Civil Appeals' holding that the Board had subject-matter jurisdiction conflicts with that court's holding in Takao v. Zoning Board of Adjustment, 656 So.2d 873 (Ala.Civ.App.1995). However, in Takao, the board of adjustment specifically stated that it had taken no action and the Court of Civil Appeals concluded that the zoning board clearly had continued the cause. The procedural situation in Takao is clearly distinguished from that of the present case because the Board in this case took action, albeit in a negative form. Because no one made a motion at the hearing, the building permit "[stood] as issued." Therefore, the Court of Civil Appeals correctly held that the circuit court had subject-matter jurisdiction over the Hamiltons' complaint, although we base that conclusion on a rationale different from that applied by the Court of Civil Appeals.
We next look to the standard of review. The Court of Civil Appeals reversed the judgment of the circuit court because, it concluded, the circuit court erred in employing the "fairly debatable" standard and thereby deferring to the zoning officer's interpretation of the zoning ordinance. There is no dispute that the proper standard of review in cases based on an administrative agency's decision is whether that decision was arbitrary or capricious or was not made in compliance with applicable law.
"Our standard of review regarding administrative actions is very limited in scope. We review the circuit court's judgment without any presumption of correctness since that court was in no better position than this court to review the agency decision. State Health Planning & Resource Dev. Admin. v. Rivendell of Alabama, Inc., 469 So.2d 613 (Ala.Civ.App.1985). The special competence of the agency lends great weight to its decision. That decision must be affirmed unless arbitrary, capricious, or not made in compliance with applicable law. Rivendell. Neither the circuit court nor this court may substitute its judgment for that of the administrative agency. Alabama Dep't of Public Health v. Perkins, 469 So.2d 651 (Ala. Civ.App.1985)."
State Dep't of Revenue v. Acker, 636 So.2d 470, 473 (Ala.Civ.App.1994).
*39 The circuit court erred in using the "fairly debatable" standard. Nevertheless, that error was harmless, because we conclude that the decision of the Board was neither arbitrary nor capricious and that it complied with the applicable zoning ordinance. The Brabners wanted to add a second story to their garage. It is undisputed that the garage was in existence when the Fairhope zoning ordinance was passed in 1975. It is also undisputed that the existing garage was "grandfathered" in by the specific language of the 1975 ordinance. The garage had been there for years and did not meet the five-foot sidesetback requirement of the 1975 ordinance. The garage was replaced about 1986, after termites had damaged the original building; the replaced building still did not comply with the five-foot side-setback requirement. The applicable sections of the zoning code provide as follows:
"§ 4.4 Non-Conformance.

"§ 4.41 Non-Conforming Building and Uses: ... Therefore, any structure or use of land existing at the time of the enactment of this ordinance, and amendment thereto, not in conformity with the use relations and provisions, may be continued subject to the following provisions:
"§ 4.411 Alterations: Any change in a non-conforming building, site or yard area is subject to the following:
"A non-conforming building can be structurally altered or expanded provided that such alterations or expansions are in conformance with the side, front and rear yard requirements and with the height requirements of the district."
We conclude that the ordinance permits the addition sought by the Brabners. The proposed second story, like the original garage, will not conform to the five-foot side-setback requirement, but it will not increase the building's nonconformity and will not otherwise violate the ordinance.
The circuit court's judgment affirming the issuance of the building permit would have been proper under the "arbitrary and capricious" standard of review set forth in Acker, 636 So.2d at 473. A trial court's judgment, if correct, should be affirmed even if the court has given a wrong reason in support of its judgment. Steiger v. Huntsville City Bd. of Educ., 653 So.2d 975, 977 (Ala.1995). Therefore, the circuit court's judgment should have been affirmed.
We reverse the judgment of the Court of Civil Appeals and remand for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and HOUSTON, KENNEDY, COOK, LYONS, and BROWN, JJ., concur.
MADDOX, J., concurs in the result.
SEE, J., concurs in part and dissents in part as to the opinion and dissents from the judgment.
SEE, Justice (concurring in part and dissenting in part as to the opinion and dissenting from the judgment).
I agree that the circuit court had subject-matter jurisdiction; however, I dissent from the majority's holding that the applicable standard of review is the "arbitrary and capricious" standard, and I dissent from the holding that the circuit court did not err in affirming the issuance of the building permit.
"Construction of a zoning ordinance is a question of law." Ex parte Norwood, 615 So.2d 1210, 1212-13 (Ala.Civ.App.1992) (citing Civitans Care, Inc. v. Board of Adjustment of the City of Huntsville, 437 So.2d 540 (Ala.Civ.App.1983)). Thus, in construing § 4.411, this Court is not constrained by the interpretation placed on that provision by the City of Fairhope, the Board of Adjustments and Appeals of the City of Fairhope, or the City's zoning officer.[1] *40 See Ex parte Norwood, 615 So.2d at 1212.
In construing ordinances, courts apply the rules used to construe statutes. Ex parte Norwood, 615 So.2d at 1212 (citing St. Paul Fire & Marine Ins. Co. v. Elliott, 545 So.2d 760 (Ala.1989)). One of the fundamental rules of statutory construction is that "[w]ords used in the statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says." Tuscaloosa County Comm'n v. Deputy Sheriffs' Ass'n of Tuscaloosa County, 589 So.2d 687, 689 (Ala. 1991). Section 4.411 provides in relevant part that "[a] non-conforming building can be structurally altered or expanded provided that such alterations or expansions are in conformance with the side, front, and rear yard requirements and with the height requirements of the district." The language of § 4.411 is plain. It does not require that the existing nonconforming building conform with the side-, front-, rear-yard requirements and with the height requirement before it can be structurally altered or expanded, but it does require that the alteration or expansion conform with those requirements. It is undisputed that the proposed second-story addition to the Brabners' garage would violate the side-yard requirement. Therefore, the trial court erred in affirming the issuance of the building permit.
Accordingly, I would affirm the Court of Civil Appeals' judgment reversing the circuit court's judgment.
NOTES
[1] I agree with the Court of Civil Appeals that the circuit court erred by applying the "fairly debatable" standard in deferring to the zoning officer's interpretation of § 4.411. Section 11-52-81, Ala.Code 1975, provides that an appeal from a final judgment or decision of a board of zoning adjustment to the circuit court "shall be tried de novo."