770 So.2d 67 (2000)
Helon H. CUTLER et al.
v.
ORKIN EXTERMINATING COMPANY, INC., et al.
1980685.
Supreme Court of Alabama.
May 5, 2000.
*68 J. Michael Rediker, Patricia Diak, and Michael Skotnicki of Ritchie & Rediker, L.L.C., Birmingham; Stephen T. Etheredge and Lexa E. Dowling, Dothan; Rufus R. Smith, Dothan; and L. Andrew Hollis of Pittman, Hooks, Dutton & Hollis, P.C., Birmingham, for appellants.
Michael W. Davis and Stephan V. Beyer of Sidley & Austin, Chicago, Illinois; John M. Johnson and Stephen J. Rowe of Light-foot, Franklin & White, L.L.C., Birmingham; and D. Taylor Flowers of Lewis, Brackin & Flowers, Dothan, for appellees.
*69 LYONS, Justice.
Helon H. Cutler and Mary Lewin, plaintiffs and class representatives in this class-action lawsuit, appeal from the trial court's dismissal of certain class members. We affirm.
Cutler and Lewin filed a class-action complaint in February 1996 against Orkin Exterminating Company, Inc.; its parent company, Rollins, Inc.; and several individuals. (All defendants are collectively referred to hereinafter as "Orkin.") The plaintiffs (hereinafter referred to as "the Homeowners") allege that Orkin failed to properly perform annual reinspections of buildings pursuant to statutory and contractual mandates. In November 1997, the trial court certified a class consisting of past and present Orkin termite-control customers in Alabama. The trial court approved a class notice in January 1998. In February 1998, Orkin petitioned this Court for a writ of mandamus, seeking to have this Court overturn the class certification. This Court denied the petition on March 5, 1998 (docket no. 1970767, not reported). Notice was mailed in early May 1998 to approximately 48,000 Orkin customers. After the expiration of the opt-out period, approximately 37,000 members remained in the class.
In May 1998, just before the class notices were mailed, Orkin moved to dismiss approximately 5,300 class members, those whose contracts with Orkin contained an arbitration clause. The arbitration clause at issue in this case is a part of a standard-form document entitled "Orkin Exterminating Company, Inc. Subterranean Termite Agreement," which Orkin began to use in 1994. The trial court granted Orkin's motion to dismiss in August 1998 and made its order final pursuant to Rule 54(b), Ala. R. Civ. P., in December 1998.[1] The Homeowners appealed. In the meantime, in January 1999, Orkin filed a second petition for a writ of mandamus, seeking to have this Court decertify the class. This Court denied that petition on February 5, 1999 (docket no. 1980634, not reported).
The sole issue in this case is whether the trial court erred in dismissing the class members whose contracts contain arbitration clauses ("the dismissed Homeowners"). The class representatives, Cutler and Lewin, although neither has an arbitration clause in her contract with Orkin, argue that the arbitration clause in Orkin contracts is unenforceable on the ground of unconscionability.
Cutler and Lewin executed their contracts with Orkin before 1994; therefore, their contracts do not contain an arbitration clause. Orkin argues that because the class representatives did not execute contracts containing an arbitration clause, they do not have standing to represent the dismissed Homeowners. The Homeowners argue that because this Court has denied two mandamus petitions in which Orkin challenged the class certification, Cutler and Lewin's representation of the class has now been established.
We respond first to the Homeowners' argument. This Court has stated that because of the extraordinary nature of a writ of mandamus, the denial of relief by mandamus does not have res judicata effect. Jack Ingram Motors, Inc. v. Ward, 768 So.2d 362 (Ala.1999); Quality Truck & Auto Sales, Inc. v. Yassine, 730 So.2d 1164 (Ala.1999). See also R.E. Grills, Inc. v. Davison, 641 So.2d 225, 229 (Ala.1994) (denial of a petition for a writ of mandamus "does not operate as a binding decision on the merits"). The fact that we denied Orkin's two mandamus petitions does not prevent us from addressing the question whether Cutler and Lewin can adequately represent the dismissed Homeowners.
We now turn to Orkin's argument. The issue of adequacy of representation is *70 not one of standing. "As long as the representative parties have a direct and substantial interest, they have standing; the question whether they may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation." 7B Charles Alan Wright et al., Federal Practice & Procedure § 1785.1 at 141 (2d ed.1986). See also 1 Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 2.07 at 2-40 to -41 (3d ed.1992) (whether a named plaintiff may assert the rights of other class members is not a standing issue, but depends on whether the named plaintiff meets the prerequisites of Rule 23 governing class actions).
Rule 23(a), Ala. R. Civ. P., provides the following prerequisites to maintaining a class action:
"One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."
(Emphasis added.) The United States Supreme Court has said that the commonality and typicality criteria of Rule 23(a), which "serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiffs claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence," tend to merge with the adequacy-of-representation requirement. General Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).[2]
"The commonality requirement is interdependent with the impracticability of joinder requirement," and together, those requirements "`form the underlying conceptual basis supporting class actions.'" In re American Med. Sys., Inc., 75 F.3d 1069, 1080 (6th Cir.1996) (quoting 1 Newberg, supra, § 3.10, at 3-47). See also Califano v. Yamasaki, 442 U.S. 682, 701, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979), in which the Supreme Court stated that class relief is "peculiarly appropriate" when the "issues involved are common to the class as a whole" and when they "turn on questions of law applicable in the same manner to each member of the class."
"The typicality requirement is said to limit the class claims to those fairly encompassed by the named plaintiffs claims." General Tel. Co. of the Northwest, Inc. v. EEOC, 446 U.S. 318, 330, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). In American Medical Systems, the United States Court of Appeals for the Sixth Circuit discussed the typicality requirement:
"`Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct. In other words, when such a relationship is shown, a plaintiff's injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff. Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'"
75 F.3d at 1082 (quoting 1 Newberg, supra, § 3-13 at 3-76). "`The claims actually litigated ... must simply be those fairly represented by the named plaintiffs.'" Andrews v. American Tel. & Tel. Co., 95 *71 F.3d 1014, 1023 (11th Cir.1996) (quoting Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1557 (11th Cir.1986)).
The adequacy-of-representation requirement "is typically construed to foreclose the class action where there is a conflict of interest between the named plaintiff and the members of the putative class." General Tel. Co. v. EEOC, 446 U.S. at 331, 100 S.Ct. 1698. It also involves questions regarding whether the attorneys representing the class are "qualified, experienced, and generally able to conduct the proposed litigation." Griffin v. Carlin, 755 F.2d 1516, 1533 (11th Cir. 1985). Adequacy of representation requires that the class representative "`have common interests with unnamed members of the class'" and that the representative "`will vigorously prosecute the interests of the class through qualified counsel.'" American Med. Sys., 75 F.3d at 1083 (quoting Senter v. General Motors Corp., 532 F.2d 511, 525 (6th Cir.1976)); see also General Tel. Co. v. Falcon, 457 U.S. at 157, 102 S.Ct. 2364.
The attorneys representing the class are eminently qualified and experienced in handling class-action litigation. However, Cutler and Lewin's representation of the dismissed Homeowners, whose claims are subject to an arbitration clause, does not satisfy the first prong of the adequacy-of-representation requirement, nor does it satisfy the commonality and typicality requirements. The absence of an arbitration clause in the contracts executed by Cutler and Lewin could present a conflict of interest between them and the dismissed Homeowners, because the relevant questions of law in this case dealing with the availability of the contractual provision for arbitration are not applicable in the same manner to each member of the class. The impediment to litigation of the claims subject to arbitration is a matter as to which the named plaintiffs cannot fairly represent the class. See also Ortiz v. Fibreboard Corp., 527 U.S. 815, 119 S.Ct. 2295, 144 L.Ed.2d 715 (1999).
After evaluating all of the criteria set forth in Rule 23, we conclude that only a named plaintiff who has an arbitration clause in his or her contract with Orkin can adequately represent the dismissed Homeowners. The trial court's order of dismissal was not predicated on this rationale. However, we will affirm a trial court's judgment or order of dismissal if it is correct, even if the court has given a wrong reason in support of that judgment or order. Ex parte City of Fairhope, 739 So.2d 35 (Ala.1999); Druid City Health Care Auth. v. Alabama State Health Planning & Dev. Agency, 482 So.2d 1222 (Ala. Civ.App.1985). The trial court's order of dismissal is affirmed.[3]
AFFIRMED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, SEE, BROWN, and ENGLAND, JJ., concur.
JOHNSTONE, J., concurs specially.
JOHNSTONE, Justice (concurring specially).
I am concurring subject to my understanding that the statute of limitations, or each statute of limitations, applicable to the claims being dismissed has been tolled throughout the time these class members have been members of the class. See First Baptist Church of Citronelle v. Citronelle-Mobile Gathering, Inc., 409 So.2d 727 (Ala.1981), Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), and White v. Sims, 470 So.2d 1191 (Ala.1985).
NOTES
[1] The trial court's order correctly reflects that the court dismissed the affected class members without prejudice.
[2] Because the Alabama Rules of Civil Procedure were patterned after the Federal Rules of Civil Procedure, cases construing the federal rules are considered authority in construing the Alabama rules. Ex parte Scott, 414 So.2d 939 (Ala.1982).
[3] We do not here reach the question whether a dismissed Homeowner, one who has an arbitration clause in his or her contract, can intervene in this action as a named plaintiff on behalf of a subclass consisting of all Homeowners subject to an arbitration clause and attack the arbitration clause on a class-wide basis on the ground of unconscionability.