The defendant, American Termite and Pest Control, Inc. ("American Termite"), appeals from the trial court's denial of its motion to stay court proceedings and to compel the plaintiffs to submit their claims to arbitration. We affirm.
Glen Riley and Suzette Riley sued American Termite and one of its employees, Larry Mote,[1] in the Shelby Circuit Court; they sued on behalf of themselves and others similarly situated, seeking monetary and injunctive relief. The Rileys asserted claims arising "out of the [alleged] pattern and practice by [the] defendants of failing to provide the termite services they are required by statute, regulations and contracts to provide, of concealing such fact, and in connection therewith of failing to prepare and file accurate treatment, inspection and reinspection reports or certifications." On September 27, 1997, the trial court entered an order conditionally certifying the action as a class action. However, on January 13, 1998, the trial court entered an order withdrawing the conditional class certification. American Termite moved to stay the court proceedings and to compel the members of the putative class to submit their claims to binding arbitration. On October 28, 1999, the trial court denied that motion, on the grounds that enforcement of the arbitration clause in American Termite's contract would violate public policy and would be unconscionable, because of the manner in which American Termite acquired customers' signatures on arbitration agreements after this litigation began, citing Ex parte Hopper,736 So.2d 529 (Ala. 1999). American Termite appealed.
American Termite argued to the trial court, and argues to this Court, that it is entitled to compel arbitration of the claims of those absent members of the putative class whose contracts with American Termite contain arbitration clauses. However, it is undisputed that the Rileys' contract with American Termite does not contain an arbitration clause. The trial court's ruling applies only to the parties before the court; because there was no certified class when the trial court ruled on American Termite's motion, its ruling does not apply to the absent members of the putative class. See City of Hueytown v. Burge,342 So.2d 339, 344 (Ala. 1977) ("There having been no [Rule 23, Ala.R.App.P.,] determination and order, the only [plaintiffs] before the Court were the individuals so named, and the judgment could extend only to them."), overruled on other grounds by State Dep't ofRevenue v. Reynolds Metals Co., 541 So.2d 524 (Ala. 1988); accordBagley v. City of Mobile, 352 So.2d 1115, 1118 (Ala. 1977).
An appellate court will affirm the judgment of a trial court if it is correct for any reason. See Smith v. Equifax Servs.,Inc., 537 So.2d 463, 465 (Ala. 1988). Because the trial court's ruling is correct as to the Rileys, the only plaintiffs before the court, it is due to be affirmed.[2]
AFFIRMED.
Hooper, C.J., and Houston, Brown, and England, JJ., concur.
[1] Mote is not a party to this appeal.
[2] We note that the matter of class certification, including the question whether the Rileys can adequately represent the putative class, is not before us. Regarding the adequacy-of-class-representation issue, see Cutler v. OrkinExterminating Co., 770 So.2d 67 (Ala. 2000), holding that the named plaintiffs, who did not have arbitration agreements with the defendant, could not adequately represent the absent class members who did have arbitration agreements with the defendant. *Page 181