I concur in Part I of the main opinion, which holds that Britt's claim was not covered by the Alabama Workers' Compensation *Page 341 
Act, § 25-5-1 et seq., Ala. Code 1975 (hereinafter "the Act"), and that she is permitted to bring a civil action against her employer.
I respectfully dissent as to Part II, which affirms the trial court's summary judgment in favor of the Hospital on Britt's tort claims. That part of Britt's complaint seeking damages as a result of the Hospital's alleged negligence or wanton misconduct alleged that the Hospital "had a duty to use reasonable care to protect the plaintiff from hazardous conditions at work, and otherwise to provide a reasonably safe place to work." Britt then alleged that the Hospital "negligently and/or wantonly breached said duty by requiring, causing and/or allowing the Plaintiff to work two consecutive 16 hour shifts with a minimal break between shifts, and by failing to implement measures designed to eliminate or reduce this hazardous condition and the risks imposed." The main opinion finds Britt's common-law count deficient under § 25-1-1.
Section 25-1-1 provides:
 "(a) Every employer shall furnish employment which shall be reasonably safe for the employees engaged therein and shall furnish and use safety devices and safeguards and shall adopt and use methods and processes reasonably adequate to render such employment and the places where the employment is performed reasonably safe for his employees."
In the context where the employee's claim is covered by the Act, this Court has held that the employee does not have a remedy in tort against the employer, regardless of whether the conduct of the employer is alleged to be intentional and willful. This is so because § 25-5-11, the savings provision of the Act permitting actions arising from intentional and willful conduct, is limited to actions against co-employees. See Ex parte McCartney Constr. Co., 720 So.2d 910 (Ala. 1998). Because Britt does not have a claim under the Act, I consider cases such as McCartney Construction to be distinguishable. Consequently, I cannot embrace the views expressed in Judge Thompson's dissenting opinion to the Court of Civil Appeals' opinion, in which he cites McCartney Construction as authority for trial court's summary judgment in favor of the Hospital.
My research has not revealed any recent occasion when this Court has had the opportunity to consider the viability of a claim against the employer for damages alleged to be the proximate consequence of a failure to provide a safe place to work when the employee's injury is not covered by the Act. However, in Gentry v. Swann Chemical Co., 234 Ala. 313,174 So. 530 (1937), abrogation by statute on other grounds recognized, Exparte Harris, 590 So.2d 285 (Ala. 1991), the Court found the plaintiff's claim not covered by the Act, and yet upheld the injured employee's right to sue under a count described as asserting the "common-law duty to furnish the plaintiff with a safe place to work." 234 Ala. at 315,174 So. at 531.
The predecessor to § 25-1-1, imposing a statutory duty on an employer to provide its employees a safe place to work, was not enacted until 1939, two years after the opinion in Gentry was issued. I find no basis upon which to conclude that § 25-1-1 is anything other than cumulative to whatever rights the plaintiff might have enjoyed at common law. Judge Seybourne H. Lynne, a former Alabama circuit judge, observed in Minyard v. Woodward Iron Co., 81 F. Supp. 414, 418 (N.D.Ala.), aff'd,170 F.2d 508 (5th Cir. 1948), that "the effect of the statute [imposing a duty on employers as to safety] was to enlarge the common law duty of the employer, as it *Page 342 
formerly obtained under the judge-made law of Alabama."
The main opinion properly analyzes the issue whether the trial court erred in entering a summary judgment on the common-law claim on its merits rather then holding that it is barred by the exclusivity provisions of the Act. I part company with the main opinion in its analysis of the validity of the claim for failure to provide a reasonably safe workplace by parsing the language found within the four corners of § 25-1-1 and then finding Britt's common-law count deficient. Britt states her claim alleging negligent and/or wanton breach of a "a duty to use reasonable care to protect the plaintiff from hazardous conditions at work, and otherwise to provide a reasonably safe place to work" without reference to § 25-1-1. The issue before us is the propriety of the summary judgment in favor of the Hospital on the common-law claim. In our review of that issue we should not confine Britt to a theory dependent entirely on § 25-1-1.
We can affirm the trial court for any reason, not necessarily the reason given by the trial court. Cutler v. Orkin Exterminating Co.,770 So.2d 67, 71 (Ala. 2000); Ex parte City of Fairhope, 739 So.2d 35, 39
(Ala. 1999); Smith v. Equifax Servs., Inc., 537 So.2d 463 (Ala. 1988). Here, the trial court relied solely on the incorrect conclusion that Britt's "sole remedy is workers' compensation for which the [Hospital] is immune from all other forms of liability, including traditional common law tort remedies." (Order of Oct. 6, 1998.) This holding was no accident; the Hospital's motion for a summary judgment relied exclusively upon the preclusion provision of the Act. Our rule permitting affirmance for any reason is limited to matters supported by the record. See Chazenv. Parton, 739 So.2d 1104, 1108 (Ala. 1999) (a judgment may be affirmed on any valid ground supported by the record).
Justice Houston, in his special concurrence, states that he knows of no common-law basis for liability on these facts. I cannot take such a dim view of the merits of Britt's claim at this stage of the proceedings — confined as we are to the record before us. I express no opinion as to the appropriate disposition of a motion for a summary judgment filed by the Hospital grounded solely on the lack of merit of Britt's claim seeking damages on a common-law tort theory and supported by a record of evidence dealing with the pivotal issue of proximate cause. I therefore must respectfully dissent from Part II of the main opinion.